**FILED**
CLERK, U.S. DISTRICT COURT

2/14/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____TV_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MOUSHEGH PAMPUKYAN,<br>　aka "Mousegh Pampukyan,"<br><br>　　　　Defendant. | CR No. 2:24-cr-00094-JVS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1344(2): Bank Fraud; § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 982: Criminal Forfeiture] |

The Grand Jury charges:

### COUNTS ONE THROUGH NINE

[18 U.S.C. § 1344(2)]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. The California Employment Development Department ("EDD") administered unemployment insurance ("UI") benefits for residents of California, including Pandemic Unemployment Assistance benefits to individuals who were unemployed because of the COVID-19 pandemic ("pandemic benefits").

2. Persons applying for UI benefits, including pandemic benefits, were required to reside in the State of California and

submit to EDD an application for the benefits.  A pandemic benefits claimant was required to answer various questions on his/her application to establish his/her eligibility for the benefits.  Among other things, the claimant was required to provide personal identifiable information ("PII") (including the applicant's name, date of birth, and social security number), and certify to EDD under the penalties of perjury that the COVID-19 pandemic had directly and adversely affected the applicant's employment.  Persons applying for pandemic benefits did not need to submit any supporting documents to EDD with their applications.  Individuals who were employed, retired, or incarcerated were not eligible for UI benefits, including pandemic benefits.

3.   Once EDD approved the application and granted UI benefits to the applicant, EDD would create a debit account ("EDD debit account") with Bank of America, N.A., a financial institution insured by the Federal Deposit Insurance Corporation.  A debit card linked to the EDD debit account (the "EDD debit card") would then be mailed to the account mailing address.

4.   EDD would deposit UI benefits, including pandemic benefits, to the EDD debit account.  The EDD debit card could then be used to withdraw the benefits from the EDD debit account using automated teller machines ("ATMs"), including ATMs that Bank of America operated.

B.   THE FRAUDULENT SCHEME

5.   Beginning on a date unknown to the Grand Jury, and continuing through at least on or about August 9, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant MOUSHEGH PAMPUKYAN, also known as "Mousegh

Pampukyan," and others known and unknown to the Grand Jury, each aiding and abetting the other, knowingly and with the intent to defraud, executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of Bank of America by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated, and was carried out, in substance, in the following manner:

    a. Defendant PAMPUKYAN or other individuals known and unknown to the Grand Jury would cause fraudulent applications to be submitted to EDD for UI benefits, including pandemic benefits, using the PII of identity theft victims who had not authorized defendant PAMPUKYAN or others to file applications with EDD using their information.

    b. If EDD approved the application and granted UI benefits to the applicant, defendant PAMPUKYAN and others would use the EDD debit cards issued in the names of victims to withdraw cash from ATMs.

7. As a result of the fraudulent scheme, EDD suffered at least approximately $927,042 of losses.

C.    <u>EXECUTIONS OF THE FRAUDULENT SCHEME</u>

8. On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant PAMPUKYAN, together with others known and unknown to the Grand Jury, committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | ACT |
|---|---|---|
| ONE | 5/5/2021 | Used an EDD debit card issued in the name of victim L.F. to withdraw approximately $500 in cash from a Bank of America ATM in Studio City, California. |
| TWO | 6/27/2021 | Used an EDD debit card issued in the name of victim L.S.-1 to withdraw approximately $1,000 in cash from a Bank of America ATM in Sherman Oaks, California. |
| THREE | 7/1/2021 | Used an EDD debit card issued in the name of victim L.S.-2 to withdraw approximately $1,000 in cash from a Bank of America ATM in Studio City, California. |
| FOUR | 7/21/2021 | Used an EDD debit card issued in the name of victim M.B. to withdraw approximately $500 in cash from a Bank of America ATM in North Hollywood, California. |
| FIVE | 8/2/2021 | Used an EDD debit card issued in the name of victim L.F. to withdraw approximately $1,000 in cash from a Bank of America ATM in North Hollywood, California. |
| SIX | 8/5/2021 | Used an EDD debit card issued in the name of victim R.J. to withdraw approximately $500 in cash from a Bank of America ATM in North Hollywood, California. |
| SEVEN | 8/13/2021 | Used an EDD debit card issued in the name of victim R.L. to withdraw approximately $1,000 in cash from a Bank of America ATM in North Hollywood, California. |
| EIGHT | 4/20/2022 | Used an EDD debit card issued in the name of victim S.T. to withdraw approximately $1,000 in cash from a Bank of America ATM in North Hollywood, California. |
| NINE | 8/9/2022 | Used an EDD debit card issued in the name of victim M.B. to withdraw approximately $20 in cash from a Bank of America ATM in North Hollywood, California. |

COUNT TEN

[18 U.S.C. § 1028A(a)(1)]

On or about June 27, 2021, in Los Angeles County, within the Central District of California, defendant MOUSHEGH PAMPUKYAN, also known as "Mousegh Pampukyan," knowingly possessed and used, without lawful authority, a means of identification that defendant PAMPUKYAN knew belonged to another person, namely, the name of victim L.S.-1, during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Two of this Indictment.

## COUNT ELEVEN

[18 U.S.C. § 1028A(a)(1)]

On or about July 21, 2021, in Los Angeles County, within the Central District of California, defendant MOUSHEGH PAMPUKYAN, also known as "Mousegh Pampukyan," knowingly possessed and used, without lawful authority, a means of identification that defendant PAMPUKYAN knew belonged to another person, namely, the name of victim M.B., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

FORFEITURE ALLEGATION

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Eleven of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

Been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                             /s/
                                        _____
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

ELIZABETH S.P. DOUGLAS
Assistant United States Attorney
Major Frauds Section